IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IAN GIBSON, Individually and on behalf<br>Of all Others Similarly Situated<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>NCRC, Inc.<br><br>　　　　　　　Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. 4:10-cv-01409 |

### DEFENDANT'S ALTERNATIVE DISPUTE RESOLUTION REPORT

To the HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant NCRC, Inc. (hereafter "Defendant") and files this response to Plaintiff's Alternative Dispute Resolution report in connection with the Court's Order requiring the parties to complete mediation/ADR by April 6, 2012 (Docket Entry 56.). In support thereof, Defendant respectfully states:

1. On March 29, 2012, as part of our ongoing settlement discussions, I reminded Plaintiffs' counsel of our obligation to complete mediation by April 6, 2012. Prior to that date, I do not recall Plaintiff and Defendant having significant discussions about setting mediation.

2. In that same March 29, 2012, email, I told Plaintiffs' counsel that due to the size of the claims (derived from our numbers and Plaintiff's settlement demands), the case did not merit the cost of private mediation. I inquired whether Plaintiff's counsel was aware whether the Southern District of Texas used Magistrate Judges to hold settlement conferences and inquired whether Plaintiff would be willing to use that process.

1

3. In response, Plaintiffs' counsel stated they preferred to use Richard Brann from Baker Botts at a cost of $1,200 per party for a full day.

4. Plaintiff and Defendant did not have significant discussions about mediation until April 4, 2012 – two days before the deadline.

5.  On April 6, 2012, Defendant served Plaintiffs with a Rule 68 Offer for Judgment, which would recompense the Plaintiff class members for 100% of their damages, including liquidated damages, and allow the Plaintiffs to petition the Court for their reasonable attorneys' fees.

6. If the Rule 68 Offer for Judgment is not accepted, Defendant anticipates filing a Motion to Compel Acceptance of its Rule 68 Offer of Judgment and to Dismiss this Case.

7. Defendant is not necessarily unwilling to attend mediation, but more accurately has offered to pay 100% of its liability and thus, mediation is unnecessary.

    Respectfully submitted,
    **KEEGAN & BAKER, LLP**

Dated: April 12, 2012    By: /s/ Jason E. Baker_____
    Jason E. Baker, Esq.
    California Bar No. 19766 (Admitted *Pro Hac Vice*)
    Email: (jbaker@keeganbaker.com)
    Keegan & Baker, LLP
    6255 Lusk Blvd, Suite 140
    San Diego, CA  92121
    Tel: (858) 558-9402
    Fax: (858) 558-9401

    **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded to all counsel on record on the 12th day of April, 2012 via the Court's CM/ECF system.

By: /s/ Jason E. Baker, Esq.